IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN ADAMS, | ) |
|       Plaintiff, | ) |
| | )   Civil Action No. 17-550 |
| v. | )   Judge Cathy Bissoon |
| THE CITY OF GREENSBURG et al., | ) |
|       Defendants. | ) |

**ORDER SETTING INITIAL SCHEDULING CONFERENCE**

The following deadlines are set for the above-captioned matter:

**1.**     **Initial Rule 16 Scheduling Conference**

An Initial Rule 16 Scheduling Conference is scheduled for **May 23, 2018** at **10:30am** in Suite 3250, Third Floor, U.S. Post Office and Courthouse Building, Pittsburgh, Pennsylvania. All counsel and unrepresented parties shall bring their calendars to the conference for scheduling purposes. The parties should be prepared to discuss settlement.

**2.**     **Rule 26(f) Conference**

Pursuant to Federal Rule of Civil Procedure 26(f), the parties must confer to consider the nature and basis of their claims and defenses, proposed deadlines, the nature and scope of discovery and the possibilities for a prompt settlement or resolution of the case. The parties also must arrange for timing for the exchange of the initial disclosures required by Rule 26(a)(1).

**3.**     **Rule 26(f) Report and ADR Stipulation**

At least three (3) business days prior to the Initial Rule 16 Scheduling Conference, the parties shall confer and file a report consistent with Rule 26(f) and a Stipulation on the use of Alternative Dispute Resolution (ADR). The ADR Stipulation must contain the information

specified on the Court's Website under ADR Program Information (see web page at http://www.pawd.uscourts.gov/Applications/pawd_adr/Pages/ADRInfo.cfm), and it must comply with Local Rule 16.2.  The parties must identify the type of ADR selected, the proposed neutral and the date by which ADR will be completed.

4. **Expedited Civil Litigation Alternative to Mandatory ADR**

Effective, September 4, 2012, as an alternative to participating in the Court's ADR process, the parties may elect to participate in this Court's Expedited Civil Litigation Program. The purpose of this Program is to offer parties the option of alternative, abbreviated, efficient and cost-effective litigation and trial.  **Participation is entirely voluntary**.  Further information about the program can be found on the Court's website at

http://www.pawd.uscourts.gov/Pages/expedite.htm.

Parties who wish to participate in the Expedited Civil Litigation Program, should meet and confer collectively and with their respective clients and discuss all aspects of the Program before executing the Expedited Docket Stipulation, available at the afore-referenced website. When discussing this option, the parties should consider:  the cost of litigation; the complexity of the case; the number of witnesses; the likelihood of a successful dispositive motion; the pretrial and post-trial limitations established by the Program; and the relative value of the case.  The **irrevocable** Expedited Docket Stipulation is due at least three (3) business days prior to the Initial Rule 16 Scheduling Conference.  Note that the filing of the Expedited Docket Stipulation, negates the requirement of the parties to file a Stipulation Selecting ADR Process.

5. **Consent to Jurisdiction of Magistrate Judge**

If the parties consent to the jurisdiction of a magistrate judge in this case, the parties must file a stipulation consenting to such jurisdiction on or before **April 30, 2018**.  If any party declines to consent, no stipulation or other filing is required.

6. **Settlement**

Counsel must meet and confer regarding settlement consistent with Rule 26(f)(2).  **In cases in which a party has demanded a JURY trial, counsel for every party shall submit a position letter to this Court at least three (3) business days prior to the Initial Rule 16 Scheduling Conference.  The position letter shall set forth the following:  (a) A brief recitation of the facts; (b) A discussion of your party's strengths and weaknesses; and (c) Your party's settlement posture.  To ensure candor, the position letters are not to be filed nor shared with opposing counsel, but rather faxed directly to this Court's Chambers at (412) 208-7467 or emailed to:  bissoon_external@pawd.uscourts.gov All position letters will be kept CONFIDENTIAL.  Parties with settlement authority, including insurance carriers, must be available by telephone**.  **In NONJURY cases, the parties should not submit position statements.**

7. **Practices and Procedures**

Counsel must familiarize themselves with the Practices and Procedures of the undersigned on the Court's website (see web page at http://www.pawd.uscourts.gov/ Documents/Judge/bissoon_pp.pdf), and they will be held responsible for complying with such practices and procedures.

April 13, 2018                                                          s/ Cathy Bissoon
                                                                        Cathy Bissoon
                                                                        United States District Judge

cc (via ECF email notification):
All Counsel of Record